NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN FERNANDO BERMUDEZ-ARROYAVE, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-584 <br><br> Agency No. A216-268-502 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 8, 2024
San Francisco, California

Before: SILER**, TASHIMA, and BRESS, Circuit Judges.

Juan Bermudez Arroyave (Bermudez), a native and citizen of Colombia,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

dismissing his appeal from an Immigration Judge (IJ) order denying his applications

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

for withholding of removal and protection under the Convention Against Torture (CAT). We review the BIA's decision for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review legal questions de novo. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We deny the petition.[1]

1. Substantial evidence supports the agency's denial of withholding of removal. To establish eligibility for withholding of removal, Bermudez must show "that it is more likely than not" that he will be persecuted if returned to Colombia "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). To meet his burden, Bermudez must "demonstrate a nexus between the harm he allegedly faces upon return to [Colombia] and a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). For withholding of removal, a petitioner establishes nexus by showing that a protected ground was "a reason" for his past or feared harm. *Barajas-Romero*, 846 F.3d at 360.

In this case, substantial evidence supports the BIA's determination that

---

[1] We reject the government's position that Bermudez did not exhaust various of the arguments that we consider here. The record indicates that Bermudez sufficiently raised them before the BIA.

narcotics traffickers beat and extorted Bermudez to obtain money and were "not motivated intrinsically by his familial relationship" with his stepfather. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023). Bermudez himself testified that the traffickers targeted him because, as the only person in his family with a professional degree (architect), they "thought [he] had enough money to pay off the debt of [his] . . . stepfather." No other relative of Bermudez's stepfather has suffered physical harm in Colombia. Thus, "nothing compels the conclusion that the [traffickers] in this case w[ere] motivated by anything other than underlying economic reasons." *Rodriguez-Zuniga*, 69 F.4th at 1022.

Bermudez also advances several legal challenges to the agency's nexus analysis, but they all fail. *First*, the BIA applied the proper standards of review to the IJ's nexus determination. "[T]he BIA must review de novo whether a persecutor's motives meet the nexus legal standards," but it "reviews the IJ's underlying factual findings, such as what a persecutor's motive may be, for clear error." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023). Here, there is "[]sufficient indication . . . that the BIA's clear error review pertained to the IJ's factual determinations relating to the lack of persecutory motive." *Id.* The BIA wrote that it saw "no clear error in the Immigration Judge's finding that . . . any [] harm [directed toward Bermudez in Colombia] would be due to the general criminality and strife prevalent" there, demonstrating that it was applying clear error

review to the IJ's factual findings about the traffickers' reasons for attacking Bermudez. There was no error under *Umana-Escobar*.

*Second*, the BIA's no-nexus determination correctly rested upon the "a reason" standard for withholding of removal claims, as opposed to the "one central reason" standard for asylum claims. *See Barajos-Romero*, 846 F.3d at 359–60. The IJ found no nexus to a protected ground at all, and the BIA specifically cited *Barajas-Romero* and the "a reason" standard in upholding the IJ's decision.

*Third*, even assuming the IJ erred in concluding that Bermudez's proposed familial social group was not cognizable, the BIA was not required to remand on that issue, which was unnecessary given the BIA's dispositive no-nexus finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (noting that "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

2. Substantial evidence supports the agency's denial of CAT relief. An applicant for CAT relief bears the burden of establishing that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Where Bermudez has returned to Colombia at least twice since his encounter with traffickers and his family remains in Colombia unharmed, the record "do[es] not compel the conclusion that [Bermudez] would be tortured if returned."

*Almaghzar v. Gonzales*, 457 F.3d 915, 924 (9th Cir. 2006).  Nor does the record compel the conclusion that Colombian officials would be complicit in any torture he could theoretically face there.  *See Xochihua-Jaimes*, 962 F.3d at 1184.

**PETITION DENIED.**